# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DALE D. BOOKWALTER, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 4:17-CV-2188 NAB<br>) |
| TROY STEELE, | )<br>) |
| Respondent, | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before exhausting state remedies. The Court cannot grant the request because movant has not properly brought this action before the Court.

On June 11, 2009, a jury convicted movant of first-degree statutory sodomy. *Missouri v. Bookwalter*, No. 08DU-CR01415-01 (Dunklin County). Movant filed a timely appeal, and on November 17, 2010, the Missouri Court of Appeals affirmed. *Missouri v. Bookwalter*, No. SD30013 (Mo. Ct. App). On March 2, 2011, movant filed a Rule 29.15 motion for postconviction relief. *Bookwalter v. Missouri*, No. 11SD-CC00033 (Stoddard County). The motion is still pending.

A review of the docket sheet shows that movant has sought resolution of his postconviction motion on several occasions. On May 31, 2016, the court granted his request for an evidentiary hearing. However, no hearing has been scheduled. There is no apparent reason why the motion has been unresolved for over six years except for unreasonable delay by the state court.

The unjustified delay by a state court in adjudicating a postconviction review petition may give rise to both a due process violation and relief from the exhaustion requirement. In deciding whether delay excuses exhaustion, courts consider the history of the petitioner's attempts to obtain state remedies, including the length of the delay, whether there has been any activity or progress in the state court action, whether the delay is attributable to the state or to the petitioner, and prejudice to the petitioner. *See, e.g., Pool v. Wyrick*, 703 F.2d 1064, 1066–67 (8th Cir. 1983) (per curiam) (where petitioners had not obtained any state-court ruling on postconviction motions after delays of more than two years, court of appeals remanded case to the district court with directions to consider the habeas petition on the merits if the state court still had not rendered a decision within a stated period of time); *Lee v. Stickman*, 357 F.3d 338, 343–44 (3d Cir. 2004) (nearly eight-year delay); *Harris v. Champion*, 15 F.3d 1538, 1555, 1557 (10th Cir. 1994) (delay of more than two years gives rise to a rebuttable presumption that exhaustion should be excused). As a result, there is a possibility that the Court may excuse the exhaustion requirement if movant files a proper petition.

Movant cannot bring a § 2254 case before the Court by filing a motion. *See* Fed. R. Civ. P. 7. And the Court cannot construe the motion as a habeas petition because it does not contain any grounds for relief. To bring a proper petition in this Court, movant must comply with Rule 2 of the Rules Governing § 2254 petitions:

> (a) Current Custody; Naming the Respondent. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.
>
> . . .
>
> (c) **Form**. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;

2

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

(d) Standard Form. The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

. . .

For these reasons, the Court will dismiss this case without prejudice to refiling. The Court will send movant a petition for writ of habeas corpus form so that he can fill it out and return it to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send movant a § 2254 form.

**IT IS FURTHER ORDERED** that movant's motion to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before exhausting state remedies (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 8th day of August, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE